UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION & BACKGROUND

On December 8, 2010, Plaintiff Eferon Musgraves ("Musgraves" or "Plaintiff") brought this putative wage and hour class action against Defendant Sears Holding Management Corporation ("Sears Holding" or "Defendant") in Los Angeles County Superior Court. (Docket No. 1, Not., Ex. A [Compl.].) Defendant timely removed the case to this Court on January 20, 2011. (Docket No. 1.)

Musgraves was a Store Manager at the K-Mart store in Big Bear Lake and Ridgecrest, California. (Compl. ¶ 17.) He brings this putative class action on behalf of himself and "[a]ll persons who have been employed by Defendant in the State of California within the relevant time periods prior to the filing of this complaint until resolution of this lawsuit and who held or hold the positions of Store Manager in Defendant's K-Mart stores." (Compl. ¶ 13.) According to the complaint, Musgraves and other K-Mart Store Managers were improperly classified as exempt employees even though they "regularly performed non-exempt job tasks more than 50% of the time." (Id. ¶ 20.) Because of this misclassification, Defendant failed to pay Plaintiff and other class members overtime, failed to provide accurate wage statements that included hours worked and the applicable hourly rates, and failed to provide meal periods and rest breaks. (Id. ¶¶ 28–37, 45–66.) Based on these failures, Plaintiff asserts causes of action under California Labor Code sections 510, 1198, 226(a), 226.7(a), and 512(a) and under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. (Id.) Plaintiff also asserts a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

under California Labor Code sections 201 and 202 for Defendant's alleged failure to timely pay wages upon termination. (Id. ¶¶ 38–44.)

Defendant now moves to dismiss on the ground that Plaintiff has not pleaded sufficient facts to support his claims. (Docket No. 9, Mot. to Dismiss.) For the reasons set forth below, the Court **GRANTS** the motion **without prejudice**.

## II.
## DISCUSSION

### A. RULE 12(B)(6) LEGAL STANDARD

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

While a complaint generally need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotation marks omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

### B. APPLICATION

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

1. **UNPAID OVERTIME**

California law requires employers to pay employees overtime compensation for hours worked in excess of eight hours in one work day, 40 hours in one work week, and six days in one work week. Cal. Labor Code § 510(a). These requirements do not apply to "exempt" employees, however. Cal. Labor Code § 515; Cal. Code Regs. tit. 8, § 11040. A manager will qualify as exempt if he or she: (1) manages the enterprise, a customarily recognized department, or a subdivision thereof; (2) "customarily and regularly directs the work of two or more other employees"; (3) "has the authority to hire or fire other employees," or if her personnel recommendations are given weight; (4) "customarily and regularly exercises discretion and independent judgment"; (5) is "primarily engaged in duties which meet the test of the exemption" more than 50 percent of the time; and (6) earns "a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment." Cal. Code Regs. tit. 8, § 11040(1)(A)(1); see Cruz v. Dollar Tree Stores, Inc., 270 F.R.D. 499, 503 (N.D. Cal. 2010). Plaintiff alleges that he and other store managers did not qualify as exempt employees and that Defendant thus improperly failed to pay them overtime. (Compl. ¶ 35.) In particular, he alleges that he and the other class members "regularly performed non-exempt work in excess of 50% of the time." (Id.)

Defendant seeks dismissal on the ground that Plaintiff has not pleaded any facts to support the allegation that he regularly performed non-exempt work more than 50 percent of the time, and thus he has not raised a plausible claim that he is not exempt from the overtime laws. (Mem. at 3.) This argument fails. Exemption from the overtime laws is an affirmative defense that the Defendant-employer bears the burden of proving. Cruz, 270 F.R.D. at 503 (citing Ramirez v. Yosemite Water Co., 978 P.2d 2 (1999)). Plaintiff therefore need not plead facts showing he is not exempt. See McCullough v. Lennar Corp., No. 09cv1808, 2009 WL 3805305, at *6 (S.D. Cal. Nov. 10, 2009).

Plaintiff's claim for overtime compensation is subject to dismissal for another reason, however. His complaint fails to meet the Twombly/Iqbal pleading standard because it simply recites the elements of a claim under California Labor Code section 510 without any supporting factual allegations. In particular, Plaintiff alleges that "[d]uring the relevant time period," he and other class members "consistently worked in excess of eight (8) hours in a day or forty (40) hours in a week," and that Defendant "failed to pay all premium overtime wages owed." (Compl. ¶¶ 32–33.) This merely recites the terms of the statute and thus amounts to a "formulaic recitation of the elements of a cause of action" that "will not do" under Twombly and Iqbal. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). To meet the applicable pleading standards, Plaintiff must provide some "factual enhancement" to his "naked assertions." See id.

LINK: 9
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

(citing Twombly, 550 U.S. at 557). Plaintiff can provide such factual enhancement by, for example, alleging when he worked overtime and how much. See, e.g., McCullough, 2009 WL 3805305 *5-6.

For these reasons, Plaintiff's first cause of action for violations of California Labor Code sections 510 and 1198 is **DISMISSED with leave to amend**.

### 2. FAILURE TO PROMPTLY PAY WAGES UPON TERMINATION

Under California law, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201(a). Similarly, if an employee without a written contract for a definite period "quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Id. § 202(a). In his second cause of action, Plaintiff alleges that Defendant violated these provisions by "fail[ing] to pay Plaintiff and those Class Members who are no longer employed by Defendant their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ." (Compl. ¶ 41.)

Again, this merely recites the elements of a violation of sections 201 and 202 and thus does not meet the pleading standard of Twombly and Iqbal. In Anderson v. Blockbuster, Inc., a court found insufficient a nearly identical allegation that "Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ." Anderson v. Blockbuster, Inc., No. 10-00158, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010). Because the factual allegations supporting this claim are insufficient under Twombly and Iqbal, the Court **DISMISSES** Plaintiff's claim for violations of California Labor Code sections 201 and 202. Plaintiff, however, shall be given leave to amend this claim to provide supporting factual allegations, such as when he was fired or quit, how much he was owed at that time, and when, if ever, Defendant paid him.

### 3. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

California law requires employers, semimonthly or at the time of each payment of wages, to provide "an accurate itemized statement in writing showing," among other things, the "total

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime" and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Labor Code § 226(a). Plaintiff alleges that Defendant violated this provision by "intentionally not provid[ing] wage statements . . . that included the total hours [Plaintiff and class members] worked and the applicable hourly rates." (Compl. ¶ 47.)

Defendant moves to dismiss this claim on the ground that it is dependent on the complaint's establishment of a plausible claim that Plaintiff was misclassified as exempt. (Mem. at 6.) Because, as explained above, an employee's exemption is an affirmative defense, Plaintiff need not plead facts plausibly showing that he is exempt. Thus, this argument fails.

This claim, however, is subject to dismissal on the ground that it does not plead sufficient facts raising a plausible entitlement to relief. The complaint alleges only that Defendant did not provide wage statements that showed the total hours worked and the applicable hourly rates. This amounts to no more than a "formulaic recitation of the elements of a cause of action." See Rhoades v. Progressive Cas. Ins. Co., Inc., No. 10-0763, 2011 WL 397657, at *3–4 (E.D. Cal. Feb. 3, 2011) (holding that an allegation that "Defendants did not provide Plaintiffs or Class Members with accurate itemized wage statements in writing showing, (1) regular rate of pay, (2) number of hours worked, (3) gross wages earned, and/or (4) net wages earned by the Plaintiffs and Class Members . . . offer[ed] no more than 'a formulaic recitation of the elements of a cause of action'"). It therefore does not meet the pleading standard established in Twombly and Iqbal. The Court accordingly **DISMISSES** this claim. Plaintiff, however, shall have leave to amend his complaint to add supporting factual allegations, such as the dates of the deficient wage statements.

### 4. FAILURE TO PROVIDE MEAL AND REST PERIODS

California law prohibits an employer from "requir[ing] any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Cal. Labor Code § 226.7(a). If the employer fails to provide a required meal or rest period, the employer must "pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Id. § 226.7(b). Under California law, an employer must provide a meal period of at least 30 minutes to any employee who works more than five hours per day, unless that employee works less than six hours, in which case the meal break can be waived by mutual consent. Id. § 512(a). In addition, an employer must provide a second 30-minute meal period to any employee who works more than 10 hours in a day, unless that employee works less than 12 hours, in which case the second

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

meal break can be waived by mutual consent.  Id.  An employer must also provide paid rest periods of 10 minutes for every four hours worked or major fraction thereof.  Cal. Code Regs. tit. 8, § 11090(12)(A).

Plaintiff's fourth and fifth causes of action allege that Defendants violated these provisions.  Again, Defendant moves to dismiss these claims on the ground that they are "derivative" of Plaintiff's allegations that he is not exempt. (Mem. at 6.)  This argument fails, however, because, as explained above, exemption is an affirmative defense that a plaintiff need not plead.

These claims, however, will be dismissed for failure to provide sufficient factual allegations.  In connection with his meal breaks claim, Plaintiff alleges that "[d]uring the relevant time period," Plaintiff and other class members "who were scheduled to work for a period of time in excess of six hours were required to work for periods longer than five hours without a meal period of not less than thirty minutes"; that Plaintiff and other class members "who were scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive their legally-mandated meal periods by mutual consent[,] were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes"; and that he and other class members "who were scheduled to work in excess of twelve hours were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes." (Compl. ¶¶55–57.)  Plaintiff further alleges that Defendant "failed to compensate [him] and other Class Members for work performed during meal periods." (Id. ¶ 58.)  Similarly, in connection with his rest breaks claim, Plaintiff baldly alleges that "Defendant required Plaintiff and the other Class Members to work during rest periods and failed to compensate Plaintiff and the other Class Members for the work performed during rest periods." (Id. ¶ 64.)

These allegations are insufficient.  Weigele v. FedEx Ground Package Sys., Inc., No., 2010 WL 4723673, at *4–5 (S.D. Cal. Nov. 15, 2010) (finding virtually identical allegations insufficient).  They merely recite the elements of the causes of action and thus fail to satisfy the pleading standard established in Twombly and Iqbal.  These claims are accordingly **DISMISSED**.  Plaintiff, however, shall be given leave to amend his complaint to include supporting factual allegations, such as precisely how long he worked, on what days, and what breaks, if any, he received.

**5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

    Plaintiff asserts a claim under California's Unfair Competition Law, which provides a cause of action to challenge business practices that are "unlawful," "unfair," or "fraudulent." Cal. Bus. & Prof. Code § 17200. Plaintiff offers no factual allegations in support of this claim, but rather alleges only that "Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other Class Members, and to the general public." (Compl. ¶ 68.) The complaint further explains that Defendant's acts are unlawful because they violate California Labor Code sections 226.7, 510, and 512. Plaintiff's complaint thus makes clear that the UCL claim is entirely dependent on the allegations in the other claims. Because those allegations are insufficient, so too are the allegations supporting the UCL claim. This claim is accordingly **DISMISSED with leave to amend**.

    **6. CLASS ACTION ALLEGATIONS**

    As a final matter, Defendants contest the sufficiency of Plaintiff's class action allegations. (Mem. at 8.) Under Local Rule 23-2, a pleading in a putative class action must contain class action allegations that "contain a reference to the portion or portions of F.R.Civ.P. 23 under which it is contended that the suit is properly maintainable as a class action" and that "justify the action's proceeding as a class action." C.D. Cal. R. 23-2.1, 23-2.2. These allegations should include:

> (a) The definition of the proposed class;
> (b) The size (or approximate size) of the proposed class;
> (c) The adequacy of representation by the representative(s) of the class;
> (d) The commonality of the questions of law and fact;
> (e) The typicality of the claims or defenses of the representative(s) of the class;
> (f) If proceeding under F.R.Civ.P. 23(b)(3), allegations to support the findings required by that subdivision; and
> (g) The nature of notice to the proposed class required and/or contemplated.

C.D. Cal. R. 23-2.2.

    Plaintiff has provided an adequate class definition (Compl. ¶ 13), has identified the estimated size (200) of the proposed class (id. ¶ 14a), and has adequately alleged that he will fairly and adequately represent the class, and that he has retained experienced counsel (id. ¶ 14c). In addition, the complaint identifies common questions of law and fact, including whether Store Managers were misclassified as exempt and whether Defendant failed to pay Store Managers overtime or to provide them meal and rest breaks. (Compl. ¶ 15.) The Court also concludes that, at this juncture, the allegations regarding typicality are sufficient. Plaintiff has

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
| --- | --- | --- | --- |
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

alleged that his claims are typical because he and other Store Managers suffered the same violations. (See Compl. ¶ 14b.)

The complaint, however, fails to identify the portion or portions of Federal Rule of Civil Procedure 23 under which Plaintiff proposes to proceed. Although this is certainly understandable given that Plaintiff filed his complaint in state court, his amended complaint should identify the relevant portion of Rule 23. The Court assumes that Plaintiff proposes to proceed under Rule 23(b)(3), which means he must also include "allegations to support the findings required by that subdivision." C.D. Cal. R. 23-2.2(f). To proceed with a class action under Rule 23(b)(3), "questions of law or fact common to class members [must] predominate over any questions affecting only individual members, and . . . a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Although Plaintiff baldly alleges that common questions predominate and that a class action is superior, these allegations are conclusory. He alleges only that a class action is superior because it "will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes." (Compl. ¶ 14d.) While this may be true, Plaintiff must provide some factual support for this assertion. See Jue v. Costco Wholesale Corp., No. 10-00033, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010) ("Class allegations must supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted."). Similarly, the complaint alleges only that "[t]here are common questions of law and fact as to the class . . . that predominate over questions affecting only individual members." (Compl. ¶ 15.) Although the complaint goes on to identify 10 common questions, it does not explain why these predominate, or identify what individual issues the case will present.

Finally, the complaint does not include any allegations regarding the "nature of notice to the proposed class required and/or contemplated." See C.D. Cal. R. 23-2.2(g). When Plaintiff files his amended complaint, he should cure this deficiency as well as the other deficiencies identified above.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED with leave to amend**. Plaintiff shall have until **March 4, 2011**, to file an amended complaint containing sufficient factual allegations. <u>Failure to amend by that date shall be deemed consent to dismissal of the action.</u> The hearing on Defendant's motion to dismiss currently scheduled for February 28, 2011, is hereby **VACATED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-625 GAF (JEMx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Eferon Musgraves v. Sears Holding Management Corporation et al | | |

**IT IS SO ORDERED.**